UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMIEO CAINES,

Plaintiff,

- against -

CAPTAIN OUDKERK; and CAPTAIN
LESSEY,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/20/18_

**ORDER**

17 Civ. 3060 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Kamieo Caines brings this action under 42 U.S.C. § 1983 against

New York City Department of Corrections ("DOC") Captains Oudkerk and Lessey.[1]  (Cmplt.

(Dkt. No. 1)) Plaintiff alleges that Defendants violated his constitutional rights by denying him

medical treatment and subjecting him to excessive force while he was incarcerated at the Anna

M. Kross Center ("AMKC") on Rikers Island. (Id.)

      On October 10, 2017, Defendants moved for summary judgment (Def. Mot. (Dkt.

No. 17)), arguing that Plaintiff's claims are barred by a general release. (Def. Br. (Dkt. No. 21)

at 1) Plaintiff has not filed an opposition to Defendants' motion. For the reasons stated below,

Defendants' motion for summary judgment will be granted.

## BACKGROUND

### I.    PLAINTIFF'S ALLEGATIONS

      Plaintiff alleges that, on December 15, 2016, while he was detained at the AMKC,

Captain Lessey refused to provide Plaintiff with his psychiatric medication. (Cmplt. (Dkt. No. 1)

---

[1] The record does not reflect the full names of the Defendants.

at 3) Captain Lessey also made "verbal threat[s]" to Plaintiff, and asked Captain Oudkerk to "put [Plaintiff] to the test and see if he is really a [tough] guy." (Id.) Captain Oudkerk then "flex cuffed" Plaintiff and brought him to the intake area, where Captain Oudkerk asked non-party Corrections Officer Crocker if there was "any room" for Plaintiff in one of the cell pens. (Id.) Officer Crocker allegedly responded that the pens were filled with Plaintiff's "rivals [and] enemies," but that cell pen eight contained only three or four people. (Id.)

"[W]ithout any further security check," Captain Oudkerk ordered Officer Crocker to open cell pen eight, and threatened to use chemical agents if Plaintiff did not enter. (Id.) Immediately after Plaintiff entered the cell pen, another inmate approached Plaintiff and began fighting with him. (Id.) Captain Oudkerk sprayed Plaintiff with chemicals and ordered non-party Corrections Officer Anderson to handcuff Plaintiff as he exited the cell. (Id.) After Plaintiff exited the cell, Captain Oudkerk warned Plaintiff that he would "put a weapon on [him]" if he filed a lawsuit. (Id.) Officer Anderson then brought Plaintiff to the decontamination room, where he bent Plaintiff's right index finger in an "excessive" and "unnecessary" manner. (Id.)

## II.  PLAINTIFF'S PRIOR LAWSUIT AND SETTLEMENT

On October 28, 2016 – prior to the incident that is the subject of the Complaint – Plaintiff filed a pro se lawsuit in this District against the City of New York and five DOC officers. (Jaffe Decl., Ex. A (Cmplt. in Kamieo Caines v. City of New York, et al. ("Caines I"), No. 16 Civ. 8454 (JMF)) (Dkt. No. 18-1)) In Caines I, Plaintiff asserted Section 1983 excessive

2

force claims arising out of an unrelated incident that allegedly occurred on August 31, 2016.

(See id. at 5-6)

Plaintiff entered into a settlement agreement with Defendants in Caines I, and executed a general release on June 13, 2017. (Jaffe Decl., Ex. B (June 13, 2017 Release) (Dkt. No. 18-2) at 2) In pertinent part, the release reads as follows:

> I, Kamieo Caines . . . as "RELEASOR," in consideration of the payment of One Thousand ($1,000.00) DOLLARS to me by the City of New York, do hereby release and discharge defendants . . . their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees.

(Id. (emphasis in original)) The release further provides that "THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT." (Id. (emphasis in original))

On October 10, 2017, Defendants moved for summary judgment in the instant action, arguing that Plaintiff's claims are barred by the release he executed on June 13, 2017. (Def. Br. (Dkt. No. 21) at 1) Plaintiff's opposition to the motion was due on November 7, 2017. (Dkt. No. 16) To date, Plaintiff has not responded to Defendants' motion. Accordingly, the Court deems Defendants' summary judgment motion unopposed.

## DISCUSSION

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor."

3

Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "[W]here the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 116 (2d Cir. 1991).

In deciding a summary judgment motion, the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Cifra v. G.E. Co., 252 F.3d 205, 216 (2d Cir. 2001). However, to survive a motion for summary judgment, a plaintiff "must 'do more than simply show that there is some metaphysical doubt as to the material facts.' . . . [He] must come forth with evidence sufficient to allow a reasonable jury to find in [his] favor." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). "Mere conclusory statements, conjecture or speculation" by the plaintiff will not defeat a summary judgment motion. Gross v. Nat'l Broad. Co., Inc., 232 F. Supp. 2d 58, 67 (S.D.N.Y. 2002).

"Although the same standards apply when a pro se litigant is involved, 'the pro se litigant "should be given special latitude in responding to a summary judgment motion.'" . . . [T]he Court must liberally construe the claims of a pro se litigant." Brown v. Selwin, 250 F. Supp. 2d 299, 306-07 (S.D.N.Y. 1999) (quoting Shepherd v. Fraisher, No. 96 Civ. 3283 (JGK), 1999 WL 713839, at *2 (S.D.N.Y. Sept. 14, 1999) (citation omitted)).

Where, as here, "the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of

4

demonstrating that no material issue of fact remains for trial.'" Vt. Teddy Bear Co. v. 1-800-Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006). Even an unopposed motion for summary judgment must "fail where the undisputed facts fail to 'show that the moving party is entitled to judgment as a matter of law.'" Vt. Teddy Bear Co., 373 F.3d at 244 (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)).

## II. ANALYSIS

### A. Applicable Law

"Settlement agreements and releases are construed according to the general principles of contract law." Roberts v. Doe 1, No. 14 Civ. 9174 (AJP), 2015 WL 670180, at \*4 (S.D.N.Y. Feb. 17, 2015) (citing, inter alia, Collins v. Harris-Bode, 303 F.3d 429, 433 (2d Cir. 2002); Albany Sav. Bank FSB v. Halpin, 117 F.3d 669, 672 (2d Cir. 1997)). "'Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.'" Id. (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 463 (2d Cir. 1998)). Moreover, "[t]he proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may be properly resolved by summary judgment." Omni Quartz, Ltd. v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002).

General releases, as opposed to "releases with a narrower scope," bar all claims arising prior to the execution of the release, not simply those that were alleged in a pre-existing action. Arzu v. City of New York, No. 13 Civ. 5980 (RA), 2015 WL 4635602, at \*4 (S.D.N.Y. Aug. 3, 2015) (finding that general release signed by plaintiff barred his claims against the City and individual officers regarding events that occurred prior to the date of the release). Furthermore, courts have interpreted releases barring claims arising "from the beginning of the

5

world to the date of this General Release" as "unambiguous." See, e.g., Cuadrado v. Zito, No. 13 Civ. 3321 (VB), 2014 WL 1508609, at \*2-3 (S.D.N.Y. Mar. 21, 2014).

## B. Analysis

Here, the release signed by Plaintiff on June 13, 2017, clearly and unambiguously provides that Plaintiff "release[s] and discharge[s] . . . all past and present officials, employees, representatives, and agents of the City of New York . . . from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights . . . from the beginning of the world to the date of this General Release." (Jaffe Decl., Ex. B (June 13, 2017 Release) (Dkt. No. 18-2) at 2) Plaintiff's civil rights claims in this case arise from incidents that occurred on December 15, 2016, and accordingly pre-date the effective date of the release that Plaintiff signed on June 13, 2017. Moreover, Plaintiff's claims are asserted against two New York City DOC officers, and thus fall within the scope of the claims Plaintiff relinquished in executing the release. Given the clear and unambiguous language of the release, and the absence of any evidence raising an issue as to its enforceability, the release bars Plaintiff's claims, and Defendants are entitled to summary judgment. See Roberts, 2015 WL 670180, at \*5 ("Courts in this Circuit regularly hold that [general] releases . . . bar suit against the city and its employees for conduct that pre-dates the release.") (collecting cases).

6

## **CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is

granted. The Clerk of Court is directed to terminate the motion (Dkt. No. 17), and to close this

case. The Clerk is further directed to mail a copy of this Order, by certified mail, to pro se

Plaintiff.

Dated: New York, New York
      June 20, 2018

SO ORDERED.

Paul G. Gardephe
United States District Judge